JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Quinton Sanders ("Sanders") appeals his conviction for failure to comply with the order or signal of police. We find no merit to the appeal and affirm.
 {¶ 2} Det. Kevin Freeman of the Cleveland Police Department testified at Sanders' jury trial that on February 9, 2002, he and his partner, Det. Benjamin McCully, responded to a complaint of a male selling drugs on Templett Avenue. The detectives were in plain clothes and in an unmarked vehicle.
 {¶ 3} When they arrived on the scene, they saw a man sitting in a blue Delta 88 with the engine running and the lights out. When Det. Freeman approached the car, he observed the man counting money, and when he asked him to get out of the car, the man responded by putting the car in reverse and driving off at a high rate of speed. Det. Freeman further testified that the vehicle hit a parked car.
 {¶ 4} Having witnessed Sanders hit a parked car, the detectives pursued him for a hit-and-run. Meanwhile, Sanders turned his car around in another driveway. McCully activated the lights and drove toward Sanders. Sanders drove his vehicle head-on toward the police car, striking the front of the police car and driving onto a tree lawn. McCully chased Sanders, who drove down the street to a vacant lot.
 {¶ 5} At the vacant lot, Sanders exited the car and ran from the police. He left the car in reverse, however, and as Sanders ran away, his car hit the police car a second time. Freeman called for assistance and the police eventually apprehended Sanders 15 to 20 minutes later. Several arresting officers testified that when they caught up to Sanders, he resisted and had to be tackled to the ground.
 {¶ 6} The jury acquitted Sanders on the first two counts of the indictment, which charged him with felonious assault. However, the jury found him guilty on count three, failure to comply with the order or signal of a police officer. The jury also marked the "further finding" form in the affirmative, indicating that the State had proven that Sanders operated his vehicle in a manner that caused a substantial risk of physical harm to persons or property while he was fleeing from the police and/or fled immediately after commission of a felony.
 {¶ 7} On September 5, 2002, the trial court sentenced Sanders to one year in prison and ordered him to pay court costs and a $250 fine. Sanders raises four assignments of error on appeal.
 Manifest Weight of the Evidence {¶ 8} In his first assignment of error, Sanders argues the verdict finding him guilty of failure to comply with an order or signal of police was against the manifest weight of the evidence because there was conflicting testimony as to whether he received a visible or audible signal from the police ordering him to stop.
 {¶ 9} The standard of review for a manifest weight challenge is summarized in State v. Martin (1983), 20 Ohio App.3d 172, as follows:
"* * * The court, reviewing the entire record, weighs the evidence andall reasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily againstconviction." (Citations omitted.)
State v. Martin, 20 Ohio App.3d at 175.
 {¶ 10} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight of the evidence must be exercised with caution and only in the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra, at 175.
 {¶ 11} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson, Cuyahoga App. Nos. 64442/64443, 1994-Ohio-2508, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10. These factors, which this court noted are in no way exhaustive, include:
"1) Knowledge that even a reviewing court is not required to accept the credible as true;
2) Whether evidence is uncontradicted;
3) Whether a witness was impeached;
4) Attention to what was not proved;
5) The certainty of the evidence;
6) The reliability of the evidence;
7) The extent to which a witness may have a personal interest to advance or defend their testimony; and
8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary."
 {¶ 12} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169.
 {¶ 13} Upon review of the evidence presented in the instant case, this court cannot find that the trier of fact clearly lost its way when it convicted Sanders. To sustain a conviction for failure to comply with the order or signal of police, it was incumbent on the State to prove that Sanders operated his vehicle so as to willfully flee or elude the police after receiving a visible or audible signal from the police to stop. R.C. 2921.331(B).
 {¶ 14} Here, Det. Freeman testified that they activated the blue lights to signal Sanders to stop after Sanders struck the parked car. Det. McCully testified that both the lights and siren were activated, but Sanders ignored these signals.
 {¶ 15} Sanders testified that he believed he was being chased by someone who was attempting to rob him. He also testified that he never saw a light or heard a siren to indicate that a police car was chasing him. Although his version of the facts conflicts with the detectives' testimony, such conflicting evidence, in and of itself, does not demonstrate that the verdict was against the manifest weight of the evidence.
 {¶ 16} The jury chose to believe the police instead of Sanders. Photographs of damage to the vehicles involved and tire marks on the roadway corroborated the detectives' account of the collision and subsequent pursuit. The State also introduced as evidence an audiotape of Det. Freeman's radio broadcast to other police officers in which he reported Sanders' collision with the police vehicle and requested assistance. Officers who responded to Det. Freeman's request for assistance and who were present at the time of Sanders' arrest testified that Sanders avoided the police and resisted arrest. Sanders offered nothing to corroborate his testimony.
 {¶ 17} Having reviewed the entire record and weighed the evidence and all reasonable inferences, we are unable to find that the verdict constituted a manifest miscarriage of justice such that judgment should be reversed and a new trial ordered. Martin, supra, at 175. We do not find this to be an "exceptional case in which the evidence weighs heavily against the conviction." Id. Accordingly, the first assignment of error is overruled.
 Crim R. 29 Motion for Acquittal {¶ 18} In his second assignment of error, Sanders argues the trial court erred in denying his Crim.R. 29 motion for acquittal on the failure to comply charge because Sanders' conviction was not supported by sufficient evidence.
 {¶ 19} Crim.R. 29(A) states, in relevant part:
"The court on motion of a defendant or on its own motion, after theevidence on either side is closed, shall order the entry of a judgment ofacquittal of one or more offenses charged in the indictment,information, or complaint, if the evidence is insufficient to sustain aconviction of such offense or offenses."
 {¶ 20} The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, the court summarized the standard of review for a sufficiency claim:
"* * * The test is whether after viewing the probative evidence andinferences reasonably drawn therefrom in the light most favorable to theprosecution, any rational trier of fact could have found all the essentialelements of the offense beyond a reasonable doubt. The claim ofinsufficient evidence invokes an inquiry about due process. It raises aquestion of law, the resolution of which does not allow the court toweigh the evidence." (Citations omitted.)
 {¶ 21} Here, both detectives testified that their blue police lights were activated while they were pursuing Sanders and that Sanders ignored their signal to stop. The State offered photographs and an audiotape recording corroborating the detectives' account of their pursuit of Sanders. Although the police were dressed in dark clothes and drove an unmarked car, the evidence presented at trial was sufficient, especially when viewed in a light most favorable to the State, to sustain the conviction.
 {¶ 22} Therefore, given this evidence, and viewing the probative evidence and inferences reasonably drawn therefrom in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Accordingly, Sanders' conviction is supported by sufficient evidence, and the second assignment of error is overruled.
 Jury Verdict Form {¶ 23} In his third assignment of error, Sanders argues the trial court erred in submitting a jury verdict form which improperly combined the additional findings into one form such that the jury's verdict failed to specify the level of offense for which Sanders was convicted. Sanders was convicted of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331. Pursuant to R.C. 2921.331(C), failure to comply with an order or signal of a police officer is a first degree misdemeanor. However, if the jury additionally finds that "in committing the offense, the offender was fleeing immediately after the commission of a felony," the offense becomes a felony of the fourth degree. If the jury finds that the "operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to person or property," the offense becomes a felony of the third degree. R.C.2921.331(C)(5)(a)(ii).
 {¶ 24} R.C. 2945.75 requires that the verdict form and the indictment specify the degree or level of the offense. R.C. 2945.75(A) provides, in pertinent part:
"(A) When the presence of one or more additional elements makes an offense one of more serious degree:
* *
(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 25} In the present case, the jury verdict for this offense included a "further finding" form which contained the following language:
"We the Jury in this case find that the Defendant, QUINTON SANDERS, isguilty of Failure to Comply with Order or Signal of Police Officer, ascharged in Count Three, and we further find that Defendant, QUINTONSANDERS, (* * *)Did, in committing the offense, was fleeing immediatelyafter the commission of a felony and/or the operation of the motorvehicle by the defendant caused a substantial risk of serious physicalharm to persons or property." (Emphasis added).
 {¶ 26} Sanders argues that the use of the term "and/or" in the further finding language renders the additional finding ambiguous such that it is impossible to determine which degree of the offense the jury found Sanders guilty of committing.
 {¶ 27} However, the ambiguity in the verdict form may be clarified when viewed together with the entire record. In State v. Woods (1982),8 Ohio App.3d 56, this court held:
"The failure of the verdict forms to comply strictly with R.C.2945.75(A)(2) does not constitute reversible error, when the verdicts incorporate the language of the indictments, the evidence overwhelmingly shows the presence of the aggravating circumstances, and the defendants never objected at trial to the form of the verdicts."
 {¶ 28} In the present case, Sanders failed to object to the verdict form in the trial court. The "further finding" form submitted to the jury refers to the offense as "Failure to Comply with Order or Signal of Police Officer, as charged in Count Three." Count three of the indictment expressly stated the elements for the third degree felony offense, as follows:
"The Grand Jurors, on their oaths, further find that the Defendant(s) unlawfully did operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop.
FURTHERMORE, the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 29} The indictment does not include the elements for the lesser offense of fleeing immediately after commission of a felony as provided in the "further finding" form. Moreover, there was sufficient evidence to prove the presence of the aggravating circumstance, i.e., causing a substantial risk of serious physical harm, beyond a reasonable doubt. Once the jury found Sanders not guilty on the first two counts of felonious assault, there was no basis for finding that he was fleeing from the police immediately after committing a felony.
 {¶ 30} Furthermore, there was overwhelming evidence that Sanders posed a threat of serious physical harm to persons and property when he struck the parked car, drove head-on into the police car, and then drove on the nearby tree lawn and sidewalks. There was also evidence that he left the car in reverse when he jumped out and that his car struck the police car a second time. We find this evidence overwhelmingly demonstrates that Sanders posed a substantial risk of serious physical harm to the persons and property around him. And because the "further finding" form refers to the indictment which clearly alleges that Sanders posed a substantial risk of serious physical harm while fleeing from the police and makes no mention of flight after commission of a felony, we find the record as a whole clarifies the ambiguity in the "further finding" form.
 {¶ 31} Finally, because defense counsel never objected to the verdict form, we find the wording of the verdict form is not so defective as to rise to the level of plain error. The Supreme Court of Ohio has held that the plain error rule is to be applied with the utmost caution and should be invoked only to prevent a clear miscarriage of justice.State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. There has been no miscarriage of justice in the present case. Moreover, the outcome of Sanders' trial would not have been different, but for the alleged error. Id. Accordingly, Sanders' third assignment of error is overruled.
 Sentence for Third Degree Felony {¶ 32} In his fourth assignment of error, Sanders argues the trial court erred when it sentenced him for a third degree felony. However, because we determined that the jury properly found him guilty of a third degree felony, a sentence for a third degree felony was appropriate. Therefore, the fourth assignment of error is overruled.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J. concurs.
TIMOTHY E. McMONAGLE, J. concurs in judgment only.